**E-FILED**
Friday, 20 January, 2006  09:03:44 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

RICKY MORRISON,                  )
                                 )
            Petitioner,          )
                                 )
     v.                          )          No.  01-3354
                                 )
UNITED STATES OF AMERICA,        )
                                 )
            Respondent.          )

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Petitioner Ricky Morrison's

Motion Pursuant to Federal Rules of Civil Procedure Rule 60(b)(6)

(Motion) (d/e 32).  On November 26, 2001, Morrison filed a Motion under

28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in

Federal Custody (d/e 1).  This Court denied the Motion on April 11, 2002.

Morrison petitioned for a certificate of appealability on May 16, 2002.  The

Court granted Morrison's request for a certificate of appealability only as to

the issue of whether Morrison was denied ineffective assistance of counsel.

On July 15, 2002, the Court of Appeals dismissed Morrison's appeal.  In a

Motion labeled under Rule 60(b)(6), Morrison now asks the Court to vacate

his sentence in light of the Supreme Court's decision in Gonzalez v. Crosby, 125 S.Ct. 2641 (2005).  In the alternative, he requests an evidentiary hearing on the Petition.  The Government has not filed a response to the Motion.  For the reasons set forth below, Morrison's Motion is dismissed for lack of jurisdiction.  Since the Court lacks jurisdiction, Morrison's request for an evidentiary hearing on the Petition is denied.

Paragraph 8 of 28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), requires a second or successive § 2255 motion to be certified by the Court of Appeals as set out in 28 U.S.C. § 2244.  "[A] motion . . . in a case already on file can be a 'second or successive motion' under the AEDPA."  Johnson v. United States, 196 F.3d 802, 805 (7th Cir. 1999).  A petitioner's filing of a motion under Rule 60(b) is equivalent to a second or successive habeas petition when the petitioner makes a claim within the meaning of § 2244(b).  Gonzalez, 125 S.Ct. at 2646.  "Although § 2244 refers to § 2254 rather than § 2255, [courts] have held that the cross-reference to § 2244 in § 2255 ¶ 8 means that it is equally applicable to § 2255 motions."  Taylor v. Gilkey, 314 F.3d 832, 836 (7th Cir. 2002) (citing Bennett v. United States, 119 F.3d 468 (7th Cir. 1997)); see also White v. United States, 371 F.3d 900, 901 (7th Cir.

2

2004).  Sections 2244(b)(1)-(3) impose three limitations on successive

habeas petitions.  The applicable subsection in this case is subsection (b)(1),

which states that "any claim that has already been adjudicated in a previous

[habeas] petition [under § 2255] must be dismissed." Gonzalez, 125 S.Ct.

at 2646.  "Petitioners cannot avoid the AEDPA's rules by inventive

captioning.  Any motion filed in the district court that imposed the

sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion

under § 2255, no matter what title the prisoner plasters on the cover."

Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) (citations

omitted) (emphasis in original).

      Morrison's Rule 60(b) Motion is clearly an attempt at a second

collateral attack.  The Motion attacks the legality of Morrison's sentence

based on the claims of ineffective assistance of counsel, which have been

already presented in a prior habeas application.  Morrison's claims of

ineffective assistance of counsel concern the determination of his relevant

conduct.  Specifically, Morrison asserts that this Court relied on inaccurate

and unreliable information in determining his relevant conduct, because his

then-counsel Jeffrey Page failed to call certain witnesses at the sentencing

hearing and review certain reports in preparation for the hearing.  Motion,

p. 2.   This Court adjudicated the instant claim in Morrison's previous habeas petition and determined that the claim lacked merit based on the fact that: (1) Morrison failed to provide any evidence to support the claim and (2) the Seventh Circuit previously determined that "this Court 'possessed sufficiently reliable evidence to attribute an additional 286 grams of methamphetamine . . . to the calculation of drug quantity to attribute to Morrison' based on the statements of Craig Schnelle, Harold Hills, and Stanley Brown."  Order entered April 11, 2002, p. 37 (quoting United States v. Morrison, 207 F.3d 962, 969 (7th Cir. 2000)).

The Court must dismiss the instant Motion because Morrison has failed to meet the certification requirements of § 2255 ¶ 8.  The certification requirements of § 2255 ¶ 8 apply to a second or successive "motion."  A motion under Rule 60(b) "fit[s] this description -- and must, if these statutes are to limit multiple efforts to obtain collateral review."  Johnson, 196 F.3d at 805.  Recharacterization by the sentencing court of a prisoner's successive collateral motions as falling under § 2255 does not pose the same risk as a similar recharacterization of an initial post-judgment motion. Melton, 359 F.3d at 857.  The prisoner has already enjoyed an initial round of collateral review and with it the protections set out in Castro v. United

4

<u>States</u>, 540 U.S. 375 (2003).

Morrison did not receive authorization from the Court of Appeals to commence his successive attack.  "From the district court's perspective, [the certification process] is an allocation of subject-matter jurisdiction to the court of appeals."  <u>Nunez v. United States</u>, 96 F.3d 990, 991 (7th Cir. 1996).  Because the Court of Appeals has not given approval for the filing, this Court lacks jurisdiction, and Morrison's Motion must be dismissed.  <u>See id.</u>

Therefore, Petitioner's Motion Pursuant to Rule 60(b)(6) (d/e 32) is DISMISSED for lack of jurisdiction.  Since the Court lacks jurisdiction, Morrison's request for an evidentiary hearing on the Petition is denied.  All pending motions are denied as moot.  This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER:   January 20, 2006.

FOR THE COURT:

s/ Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE