E-FILED

Friday, 24 February, 2006  11:16:41 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RICKY MORRISON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.  01-3354 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

Petitioner Ricky Morrison has filed a timely Notice of Appeal which the Court also construes as a Request for Issuance of a Certificate of Appealability (d/e 36) (COA Request).[1]  On November 26, 2001, Morrison filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1).  This Court denied the Motion on April 11, 2002.  Morrison petitioned for a certificate of appealability on May 16, 2002.  The Court granted Morrison a limited certificate of appealability.  On July 15, 2002, the Court of Appeals

---

[1] Morrison asks the Court to accept his "late" Notice of Appeal.  The Court, however, notes that Morrison's notice is timely.  See Fed. R. App. P. 4(a)(1).

dismissed Morrison's appeal.  On December 22, 2005, in a Motion labeled under Rule 60(b)(6), Morrison again sought to collaterally attack his sentence based on <u>Gonzalez v. Crosby</u>, 125 S.Ct. 2641 (2005).  In the alternative, he requested an evidentiary hearing on the Petition.  This Court construed Morrison's Rule 60(b)(6) Motion as a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.  The Court dismissed Morrison's Petition for lack of jurisdiction because Morrison had previously filed a § 2255 petition and had not received permission from the Court of Appeals to file a successive collateral attack.  <u>Opinion entered January 20, 2005 (d/e 34)</u>.  Based on that conclusion, the Court also denied Morrison's request for an evidentiary hearing.  <u>Id</u>.  Morrison seeks to appeal this dismissal.  For the reasons set forth below, Morrison's COA Request is denied.

Appellate proceedings on collateral review cannot commence without a Certificate of Appealability (COA), either from a district court judge or from a judge of the Court of Appeals.  28 U.S.C. § 2253(c); <u>Fed. R. App. P.</u> 22(b).  If a petitioner requests a COA, the district judge who rendered the judgment must either issue a COA or state why a certificate should not be issued.  A court may issue a COA for a decision denying a 28 U.S.C. § 2255

petition "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  In order for his Motion to be allowed, Morrison must show that "reasonable jurists could debate whether the challenges in his habeas petition should [have] been resolved differently or that his petition adequately shows a sufficient chance of the denial of a constitutional right that he deserves encouragement to proceed further."  Rutledge v. United States, 230 F.3d 1041, 1047 (7th Cir. 2000).

The Seventh Circuit has recently noted "a motion under Fed.R.Civ.P. 60(b) must be treated as a collateral attack when the prisoner makes a 'claim' within the scope of [28 U.S.C.] § 2244(b)."  United States v. Scott, 414 F.3d 815, 816 (7th Cir. 2005) (citing Gonzalez, 125 S.Ct. at 2641). Morrison's Petition did not raise a procedural question, but rather sought to attack his sentence based on Gonzalez.  It was, therefore, a new collateral attack.  Id.  Paragraph 8 of § 2255, as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), requires a second or successive § 2255 motion to be certified by the Court of Appeals as set out in 28 U.S.C. § 2244.  Morrison did not receive authorization from the Court of Appeals to commence his successive attack.  "From the district court's perspective, [the certification process] is an allocation of subject-matter jurisdiction to

3

the court of appeals." <u>Nunez v. United States</u>, 96 F.3d 990, 991 (7th Cir. 1996).  Because the Court of Appeals had not given approval for the filing, this Court lacked jurisdiction.  Reasonable jurists would not debate this Court's dismissal of Morrison's Rule 60(b)(6) Motion.

THEREFORE, Morrison's Request for Issuance of a Certificate of Appealability (d/e 36) is DENIED.  This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER:   February 24, 2006.

FOR THE COURT:

s/  Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE